UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VIPER NETWORKS, INC.,

    Plaintiff,

-v-

RATES TECHNOLOGY, INC.,

    Defendant.

-------------------------------------------------------x

No. 09 Civ. 9864 (LTS)(THK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1 5 JAN 2010

## ORDER

Defendant Rates Technology, Inc., ("RTI") moves for reconsideration of the November 23, 2009, decision of the United States District Court for the Southern District of California insofar as it denied RTI's motion for summary judgment dismissing Viper Network's ("Viper") lawsuit for lack of legal capacity to sue. The Court has carefully reviewed the parties' papers in support of and in opposition to the reconsideration motion.

Under Federal Rule of Civil Procedure 59(e), the party moving for reconsideration has a heavy burden. The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. The movant must demonstrate that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Range Road Music, Inc.

v. Music Sales Corp., 90 F.Supp. 2d 390, 392 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). RTI's motion for reconsideration fails to meet this exacting standard.

RTI's reconsideration motion merely reiterates the position it took on the earlier motion practice and points to no material facts or law that were overlooked. The evidence of record on the summary judgment motion includes: a July 6, 2009, Nevada certificate showing Viper as in "default" status, with a list of officers due on January 31, 2009, and a "file date" of January 31, 2005 (Ex. A to Weinberger Reply Decl. in Supp. of Mot. for Summ. J.); an August 20, 2009, Nevada certificate showing Viper as in "active" corporate status, with a list of officers due on January 31, 2010 and a "file date" of January 31, 2005 (Ex. B to Baron Decl. in Opp'n to Mot. for Summ. J.); and a certification of the July 22, 2009, filing of a list of Viper officers (Ex. A to Baron Decl.). This evidence, read, as it must be, in the light most favorable to Viper as the non-moving party, fails to demonstrate that RTI is entitled to judgment as a matter of law. Accordingly, RTI's summary judgment motion was properly denied and RTI's reconsideration motion is denied.

This order resolves docket entry no. 2.

SO ORDERED.

Dated: New York, New York
January 15, 2010

LAURA TAYLOR SWAIN
United States District Judge